Filing # 115911448 E-Filed 10/30/2020 02:15:53 PM

IN THE CIRCUIT COURT OF THE
9TH JUDICIAL CIRCUIT, IN AND FOR
OSCEOLA COUNTY, FLORIDA

CIVIL DIVISION
CASE NO.: 2020 CA 2740 ON

WILLIAM CARMONA, as Personal
Representative of the Estate of
DOMINGA CARMONA, Deceased,

    Plaintiff,

vs.

THE EVANGELICAL LUTHERAN
GOOD SAMARITAN SOCIETY d/b/a
GOOD SAMARITAN SOCIETY KISSIMMEE VILLAGE
    Defendant
_____/

Date: 11-19-20  Time: 2:30 pm

Eric Deal    S.P.S. 336

## CIVIL ACTION SUMMONS

**THE STATE OF FLORIDA:**

**TO ALL AND SINGULAR THE SHERIFFS OF THE STATE:**

**YOU ARE COMMANDED** to serve this Summons, copy of the Complaint, Interrogatories, Request for Admissions and Request for Production, in this action on Defendant:

<u>**THE EVANGELICAL LUTHERAN
GOOD SAMARITAN SOCIETY d/b/a
GOOD SAMARITAN SOCIETY KISSIMMEE VILLAGE**</u>

**By serving its Registered Agent:**    CT Corporation System
    1200 S. Pine Island Rd.
    Plantation, Fl. 33324

Each defendant is required to serve written defenses to the Complaint on Plaintiff's counsel, to wit:

**WILLIAM A. DEAN, B.C.S.**
(Florida Bar No. 118354)
Ford, Dean & Rotundo, P.A.
3323 NE 163rd Street, Suite 605
North Miami Beach, FL 33160
Tel. (305) 670-2000
Fax. (305) 670-1353

within twenty (20) days of service of this Summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the Complaint.

DATED ON _____NOV-3_____, 2020.

Armando Ramírez

_____,
as said Clerk of said Court

(court seal)



BY _____
as Deputy Clerk

**AMERICANS WITH DISABILITIES ACT.**
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration at 425 N. Orange Avenue, Room 2130, Orlando, Florida 32801, Telephone: (407) 836-2303 within two (2) working days of your receipt of this (describe notice); If you are hearing or voice impaired, call 1-800-955-8771."

Filing # 115911448 E-Filed 10/30/2020 02:15:53 PM

IN THE CIRCUIT COURT OF THE
9TH JUDICIAL CIRCUIT, IN AND FOR
OSCEOLA COUNTY, FLORIDA

CIVIL DIVISION
CASE NO.:

WILLIAM CARMONA, as Personal
Representative of the Estate of
DOMINGA CARMONA, Deceased,

    Plaintiff,

vs.

THE EVANGELICAL LUTHERAN
GOOD SAMARITAN SOCIETY d/b/a
GOOD SAMARITAN SOCIETY-KISSIMMEE VILLAGE
    Defendant
_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, WILLIAM CARMONA, as Personal Representative of the Estate of DOMINGA CARMONA, Deceased, by and through her undersigned counsel, and sues Defendant, THE EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY d/b/a GOOD SAMARITAN SOCIETY- KISSIMMEE VILLAGE, and alleges:

1. This action is within the jurisdiction of this court for damages in excess of Thirty Thousand and 00/100 Dollars ($30,000.00), exclusive of interest and costs.

2. At all times material to this cause of action, DOMINGA CARMONA was an adult resident of Osceola County, Florida.

3. At all times material hereto, DOMINGA CARMONA was a person who was suffering from infirmities to the extent that she was impaired in her ability to adequately provide for her own care and protection.

Page 2

4. DOMINGA CARMONA died on June 18th, 2020. At all times material to this action, WILLIAM CARMONA, is the duly appointed Personal Representative of the Estate of DOMINGA CARMONA.

5. At all times material hereto, Defendant, THE EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY was licensed and authorized to do business as GOOD SAMARITAN SOCIETY-KISSIMMEE VILLAGE, a nursing home in Florida,. The Defendant was in the business of owning, managing and maintaining nursing homes and related healthcare facilities, including GOOD SAMARITAN SOCIETY-KISSIMMEE VILLAGE, located in Osceola County, Florida.

6. At all times material hereto, Defendant, THE EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY, was the licensee and owner of GOOD SAMARITAN SOCIETY-KISSIMMEE VILLAGE.

7. At all times material hereto, Defendant, THE EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY, was subject to the provisions of Chapter 400 of Florida Statutes, which sets the standards for operating nursing homes such as GOOD SAMARITAN SOCIETY-KISSIMMEE VILLAGE.

8. During DOMINGA CARMONA's residency at GOOD SAMARITAN SOCIETY-KISSIMMEE VILLAGE, the staff and employees failed to develop an adequate care plan and properly monitor and supervise the care and treatment provided to DOMINGA CARMONA in order to prevent her from suffering the development and deterioration of bed sores and to prevent her from suffering the development and deterioration of infections and sepsis.

Page 3

9. As a direct result of GOOD SAMARITAN SOCIETY-KISSIMMEE VILLAGE's acts and omissions, DOMINGA CARMONA suffered the development and deterioration of bed sores and suffered the development and deterioration of infections and sepsis.

10. This is a claim under Florida Statute §400 for violation of DOMINGA CARMONA's resident's rights, based solely on custodial care issues, and any presuit pursuant to Chapter 766 is unnecessary.

11. Plaintiff has complied with the nursing home presuit provisions set forth in Florida Statutes §400.0233.

12. Plaintiff has satisfied all conditions precedent to the filing of this action.

13. Plaintiff's counsel certifies by signing this Complaint that a good faith investigation into the merits of this claim was made.

14. It has been necessary for WILLIAM CARMONA to retain the undersigned firm of Ford, Dean & Rotundo, P.A., to prosecute this action and has agreed to pay said firm a reasonable fee for its services.

## COUNT I

### CHAPTER 400 CLAIM AGAINST DEFENDANT, THE EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY d/b/a GOOD SAMARITAN SOCIETY KISSIMMEE VILLAGE

Plaintiff hereby realleges paragraphs one (1) through fourteen (14) as if fully stated herein and further alleges:

15. Defendant has a statutorily mandated responsibility to DOMINGA CARMONA to provide her with her nursing home resident's rights, as set forth in Florida Statute §400.022, which responsibility included, but was not limited to, the following:

    (a)    providing adequate and appropriate healthcare and protective and support services;

    (b)    preventing mental and physical abuse of DOMINGA CARMONA;

    (c)    complying with regulations for the operation of nursing homes promulgated by the Department of Health and Rehabilitative Services and contained in the Florida Administrative Code 59A-4; and

    (d)    treating residents courteously, fairly, and with the fullest measure of dignity.

16. That Defendants' responsibilities to DOMINGA CARMONA, as outlined in Florida Statutes §400.022, are non-delegable and such that Defendants had direct liability for violations, deprivations and infringements by any person or entity under Defendants's control, direct or indirect, including their employees, agents, consultants and independent contractors, whether in-house or outside entities, individuals, agencies or pools, or caused by Defendants's policies, and procedures, whether written or unwritten, or common practices.

17. That in addition to Defendants' direct responsibility under Florida Statute §400.022 and as alleged in the preceding paragraph, Defendants had vicarious liability for the acts and omissions of all persons or entities under Defendants's control either direct or indirect including its employees, agents, consultants and independent contractors, whether in-house or outside entities, individuals, agencies or pools causing any deprivations or infringements of DOMINGA CARMONAresident's rights as set forth in Florida Statutes §400.022.

18. That the duty alleged in the immediately preceding paragraphs include, but are not limited to, proper training and supervision; proper hiring, background and referral checks; and proper retaining and dismissing of employees, agents, consultants and independent contractors, as well as providing adequate staffing.

Page 5

19. That notwithstanding the responsibility of Defendants to provide DOMINGA CARMONA with her statutorily mandated nursing home resident's rights, DOMINGA CARMONA was deprived of such rights by the acts or omissions of Defendants's agents and employees which include, but are not limited to, the following:

a) failing to properly provide a turning program for the prevention of pressure sores;

b) failing to provide a proper mattress, bedding, protective devices and positioning devices for DOMINGA CARMONA;

c) failing to turn and position DOMINGA CARMONA timely and appropriately to prevent pressure sores;

d) failing to properly recognize the development and deterioration of pressure sores on DOMINGA CARMONA and failing to obtain treatment to prevent the worsening of such pressure sores;

e) failing to adequately clean DOMINGA CARMONA to prevent skin breakdown due to continual contact with feces and urine;

f) failure to properly supervise DOMINGA CARMONA;

g) failing to provide adequate and appropriate protective and support services to DOMINGA CARMONA;

h) failing to develop, implement, and update an adequate and appropriate resident care plans to meet the custodial needs of DOMINGA CARMONA;

i) failing to maintain records which contain sufficient and accurate information to justify the diagnosis and treatment and to document the results, including at a minimum documented evidence of assessments of the needs of the resident, of establishment of appropriate plans of care and treatment, and of the care and services provided;

j) failing to appropriately monitor DOMINGA CARMONA and recognize significant signs and symptoms of change in her health condition, such as suffering the development and deterioration of bed sores and suffering the development and deterioration of infections and sepsis;

k) failing to properly notify the family and physicians of DOMINGA CARMONA of significant changes in her health status, such as suffering the

        development and deterioration of bed sores and suffering the development and deterioration of infections and sepsis;

l)     failing to protect DOMNIGA CARMONA from foreseeable harm, including but not limited to suffering the development and deterioration of bed sores and suffering the development and deterioration of infections and sepsis;

m)     failing to properly supervise staff;

n)     failing to properly train staff;

o)     improper retention of staff;

p)     Inadequate staffing;

q)     failing to protect the dignity of DOMINGA CARMONA;

r)     failing to protect the privacy of DOMINGA CARMONA;

s)     failing to follow physician orders;

t)     failing to properly chart on the resident pursuant to Florida Statute § 400, F.A.C. 59-A; and 42 C.F.R. 483; and,

u)     failure to timely transfer the resident to the hospital.

20.     As a direct and proximate result of the failure of the Defendants to comply with the requirements of Florida Statute §400.022, and to provide adequate and appropriate and protective support services, DOMINGA CARMONA suffered damages, including loss of dignity; humiliation; bodily injury; pain and suffering, disability, physical impairment; disfigurement; mental anguish, inconvenience; loss of capacity to enjoy life; discomfort; aggravation of existing diseases or physical defect; medical, hospital and nursing expenses and died on August 28, 2020.

The survivors of DOMINGA CARMONA are as follows:

a)     WILLIAM CARMONA, Son

b)     LAURA CARMONA, Daughter

21.     Each survivor may recover the value of lost support and services from the date of the decedent's injury to her or his death, with interest, and future loss of support and services from the date of death and reduced to present value.

22.     Minor children of the decedent, and all children of the decedent if there is no surviving spouse, may also recover for lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury.

23.     The decedent's personal representative may recover for the decedent's estate the following:

   a)   Loss of earnings of the deceased from the date of injury to the date of death, less lost support of survivors excluding contributions in kind, with interest. Loss of prospective net accumulations of an estate, which might reasonably have been expected but for the wrongful death, reduced to present money value, may also be recovered.

   b)   Medical or funeral expenses from the date of injury.

**WHEREFORE**, Plaintiff, WILLIAM CARMONA, as Personal Representative of the Estate of DOMINGA CARMONA, Deceased, demands judgment against THE EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY d/b/a GOOD SAMARITAN SOCIETY-KISSIMMEE VILLAGE for all compensatory damages allowed by law for the deprivation of DOMINGA CARMONA's rights as stated above, and further demands prejudgment interest and a trial by jury on all issues triable as a matter of right. Plaintiff reserves the right to amend to allege a cause of action for punitive damages at a later date.

Page 8

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

DATED this 30th day of October, 2020.

                    FORD, DEAN, & ROTUNDO, P.A.
                    Attorneys for Plaintiff
                    3323 NE 163rd Street, Suite 605
                    North Miami Beach, FL 33160
                    Phone: (305) 670-2000/Fax: (305) 670-1353
                    Bill@forddean.com
                    Jill@forddean.com
                    Service@forddean.com

By: _____
                    William A. Dean, B.C.S.
                    Florida Bar #118354

 CT Corporation

**Service of Process Transmittal**
11/19/2020
CT Log Number 538621379

| | |
|---|---|
| **TO:** | Misty Ham-Quick<br>Sanford Health<br>2301 E 60TH ST N<br>SIOUX FALLS, SD 57104-0569 |
| **RE:** | **Process Served in Florida** |
| **FOR:** | The Evangelical Lutheran Good Samaritan Society  (Domestic State: ND) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | WILLIAM CARMONA, as Personal Representative of the Estate of DOMINGA CARMONA, Deceased, PLTF. vs. THE EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY, ETC., DFT. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2020CA27400N |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/19/2020 at 04:00 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/19/2020, Expected Purge Date: 11/24/2020<br><br>Image SOP<br><br>Email Notification,  Misty Ham-Quick  mhamquic@good-sam.com<br><br>Email Notification,  Misty Hamquick  mhamquic@good-sam.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **For Questions:** | 866-665-5799<br>SouthTeam2@wolterskluwer.com |

Page 1 of  1 / SS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Filing # 115911448 E-Filed 10/30/2020 02:15:53 PM

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.   CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>NINTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>OSCEOLA</u>   COUNTY, FLORIDA

<u>WILLIAM CARMONA as Personal Representative of the Estate of Dominga Carmona,</u>
<u>                                                                                                            Deceased</u>
Plaintiff                                                                                   Case # _____
                                                                                                 Judge  _____

vs.
<u>THE EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY, d/b/a GOOD</u>
<u>SAMARITAN SOCIETY-KISSIMMEE VILLAGE</u>
Defendant

**II.   AMOUNT OF CLAIM**
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III.   TYPE OF CASE**   (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☒ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

   <u>1</u>

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ William A. Dean</u>        Fla. Bar # <u>118354</u>
           Attorney or party                         (Bar # if attorney)

<u>William A. Dean</u>                  10/30/2020
 (type or print name)               Date

Filing # 115911448 E-Filed 10/30/2020 02:15:53 PM

**FORM 1.997.**         **CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075. (See instructions for completion.)

**I.   CASE STYLE**

IN THE CIRCUIT COURT OF THE 9TH JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY, FLORIDA

Plaintiff,   WILLIAM CARMONA, as Personal Representative of    Case #_____
the Estate of DOMINGA CARMONA, Deceased,    Judge: _____

vs.

Defendant,   THE EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY d/b/a
GOOD SAMARITAN SOCIETY KISSIMMEE VILLAGE.

**II.   AMOUNT OF CLAIM**
**Please indicate the estimated amount of the claim,**
**rounded to the nearest dollar.**                $100,000.00

**III.   TYPE OF CASE**   (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

[ ] Condominium
[ ] Contracts and indebtedness
[ ] Eminent domain
[ ] Auto negligence
[X] Negligence - other
    [ ] Business governance
    [ ] Business torts
    [ ] Environmental/Toxic tort
    [ ] Third party indemnification
    [ ] Construction defect
    [ ] Mass tort
    [ ] Negligent Security
    [X] Nursing Home Negligence
    [ ] Premises liability - commercial
    [ ] Premises liability - residential
[ ] Products Liability
[ ] Real property/Mortgage foreclosure
    [ ] Commercial foreclosure
    [ ] Homestead residential foreclosure
    [ ] Non-homestead residential

foreclosure
    [ ] Other real property actions

[ ] Professional malpractice
    [ ] Malpractice - business
    [ ] Malpractice - medical
    [ ] Malpractice - other professional

[ ] Other
    [ ] Antitrust/Trade regulation
    [ ] Business transactions
    [ ] Constitutional challenge - statute or ordinance
    [ ] Constitutional challenge - proposed amendment
    [ ] Corporate trusts

|  |  |
|---|---|
| [ ] Discrimination - employment or other | **COUNTY CIVIL** |
| [ ] Insurance claims | [ ] Civil |
| [ ] Intellectual property | [ ] Replevins |
| [ ] Libel/Slander | [ ] Evictions |
| [ ] Shareholder derivative action | [ ] Other civil (non-monetary) |
| [ ] Securities litigation | |
| [ ] Trade secrets | |
| [ ] Trust litigation | |

IV.  **REMEDIES SOUGHT** (check all that apply):
[X] monetary;
[ ] nonmonetary declaratory or injunctive relief;
[ ] punitive

V.  **NUMBER OF CAUSES OF ACTION:** [1]

(Specify)   **Chapter 400 Claim**

VI.  **IS THIS CASE IN CLASS ACTION LAWSUIT?**
[ ] yes
[x] no

VII.  **HAS NOTICED OF ANY KNOWN RELATED CASE BEEN FILED?**
[x] no
[ ] yes If "yes," list all related cases by name, case number, and court.

VIII.  **IS JURY TRIAL DEMANDED IN COMPLAINT?**
[x] yes
[ ] no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature _____                    Fla. Bar # __118354__
WILLIAM A. DEAN, B.C.S.                              Date: October 30th, 2020
FORD, DEAN & ROTUNDO, P.A.
3323 N.E. 163rd Street, Suite 605
North Miami Beach, FL 33160
(305) 670-2000
Bill@forddean.com
Jill@forddean.com
Service@forddean.com